## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| DONALD BRASHER, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. |
| ALLSTATE INDEMNITY COMPANY, | ) ) ) |
| Defendant. | ) |

### NOTICE OF REMOVAL

Defendant Allstate Indemnity Company ("Allstate") hereby removes to this Court the Alabama state court action described below pursuant to the Class Action Fairness Act of 2005 ("CAFA").

**I.   BACKGROUND**

1.   On February 28, 2018, Donald Brasher ("Plaintiff") filed this putative class action against Allstate in the Circuit Court for St. Clair County, Alabama, captioned *Donald Brasher, individually and on behalf of all others similar situated v. Allstate Indemnity Company*, Case No. 75-CV-2018-900053 00 (the "Complaint"). The suit alleges individual and putative class counts for breach of contract, unjust enrichment, conversion, and declaratory judgment. Compl. ¶¶ 61-83. Plaintiff contends that Allstate allegedly violates the terms of its property insurance policies by allegedly depreciating labor costs when adjusting property damage claims. Plaintiff seeks compensatory damages, an accounting of monies, prejudgment interest, punitive damages, injunctive relief, and attorneys' fees and costs on behalf of himself and the putative class. *Id*. at pp. 15-16.

2. The Complaint names Allstate as the sole defendant. Allstate has not yet responded to the Complaint.

3. Under 28 U.S.C. §§ 1441(a), 1446, and 1453, the Complaint is removable to this Court because Allstate has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

4. In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Allstate shall give written notice to Plaintiff and to the Circuit Court for St. Clair County, Alabama of its filing of this Notice of Removal.

## II. ALLSTATE HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

5. Plaintiff served the Summons and Complaint March 12, 2018. This Notice of Removal has been filed within 30 days thereof, and is therefore timely under 28 U.S.C. § 1446(b).

6. Venue is proper in this Court because it corresponds to the district and division where this litigation was filed, *i.e.*, the Circuit Court for St. Clair County, Alabama is located in the Northern District of Alabama, Middle Division. *See* 28 U.S.C. § 1441(a); *see also* U.S. Marshals Service, https://www.usmarshals.gov/district/navigation/al.htm (last visited April 6, 2018) ("The Northern District comprises the counties of … Saint Clair").

7. As required under 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Allstate are attached hereto. *See* Ex. 1. Attached as Exhibit "2" is a copy of the citation served on Allstate Indemnity Company

## III. THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION UNDER CAFA.

8. Under CAFA, this Court has jurisdiction over the putative class action because: (1) the putative class exceeds 100 members; (2) at least one member of the proposed class has a different citizenship from Allstate; (3) the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs; and (4) the exceptions to CAFA do not apply here. *See* 28 U.S.C. § 1332(d).

### A. The Putative Class Size Exceeds 100.

9. Under CAFA, the proposed class must consist of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5). The Complaint seeks to certify the following class:

> All Allstate … property insurance policyholders who submitted a claim for property damage in Alabama, and whose actual cash value ("ACV") payment was reduced by the withholding of labor depreciation or whose claim was denied after labor depreciation, during the time period from six years prior to the filing of this Complaint to the date of trial, inclusive.

Compl. ¶ 53. Plaintiff further alleges that the putative class consists of "hundreds if not thousands" of people, and that "individual joinder of all members would be impracticable." *Id.* ¶ 56. Accordingly, this matter satisfies CAFA's requirement that the putative class size exceeds 100.

### B. There is Minimal Diversity Sufficient to Establish CAFA Jurisdiction.

10. Under CAFA there must also be minimal diversity, which exists where at least one putative class member is a citizen of a different state than any defendant. *See* 28 U.S.C. § 1332(d)(2).

11. The Complaint alleges that Allstate "is incorporated in the State of Illinois with its principal place of business in Illinois." Compl. ¶ 7. Indeed, Allstate is organized under the laws

3

of the State of Illinois, and has its principal place of business in Illinois, and is a citizen of Illinois for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

12. Plaintiff is a citizen of Alabama. *See* Compl. ¶ 6.

13. Thus, CAFA's requirement of minimal diversity is satisfied here. *See* 28 U.S.C. § 1332(d)(2)(A).

### C. The $5 Million Amount in Controversy Requirement is Satisfied.

14. Under CAFA, the aggregate amount in controversy must exceed $5 million for the entire putative class, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2).

15. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "Where the plaintiff has not alleged a specific amount of damages, the defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014).

16. In analyzing the amount in controversy, "[a] court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence, to determine whether the defendant has carried its burden." *S. Fla. Wellness, Inc.*, 745 F.3d at 1315. A removing defendant may introduce "affidavits, declarations, or other documentation" to support its position that the amount of controversy exceeds the jurisdictional minimum. *Jones v. Novartis Pharm. Co.*, 952 F. Supp. 2d 1277, 1283 (N.D. Ala. 2013); *see also Pretka*, 608 F.3d at 755.

17. The amount in controversy "is less a prediction of how much the plaintiffs are ultimately likely to recover, than it is an estimate of how much will be put at issue during the

litigation; in other words, the amount is not discounted by the chance that the plaintiffs will lose on the merits." *S. Fla. Wellness, Inc.*, 745 F.3d at 1315 (internal quotation marks omitted); *see also McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014) ("There is no doubt that, when analyzing the amount in controversy, the district court is precluded from inquiring into the amount a party is likely to receive on the merits.").

18. As set forth more fully in the attached Declaration of Pat McCullar (Allstate Senior Manager) (Ex. 3, ¶¶ 5-8), the $5 million amount in controversy requirement is satisfied. The McCullar Declaration demonstrates that: (a) the aggregate amount of depreciation for the more than 32,000 structural loss damage estimates for claims in the State of Alabama since the beginning of the putative class period in 2012 is approximately $30 million; (b) approximately $14.5 million of the aggregate structural damage depreciation is labor depreciation; and (c) while the approximate figure of $14.5 million is both over-inclusive and under-inclusive there is "no doubt" that the amount of labor depreciation applicable to property damage claims in Alabama during the past six years where Allstate made an ACV payment that was "reduced by the withholding of labor depreciation" exceeds $5 million.

19. Accordingly, the total amount of compensatory damages exceeds CAFA's $5 million jurisdictional threshold.

### D. The Exceptions to CAFA Do Not Apply.

20. CAFA provides two mandatory exceptions to the application of federal jurisdiction, and one discretionary exception. *See* 28 U.S.C. § 1332(d)(3)-(4). These exceptions require the presence of a nondiverse in-state defendant. 28 U.S.C. § 1332(d)(3)-(4) (requiring either "significant relief" to be sought from an in-state defendant (local controversy exception) or requiring the "primary defendant" to be an in-state one (home state exception)). Here, Allstate is

*not* an in-state defendant. Rather, Allstate is a foreign insurer, as it is a citizen of the State of Illinois. Compl. ¶ 7. Therefore, the exceptions to CAFA are not applicable to this matter.[1]

21.     Accordingly, because Allstate has demonstrated that all prerequisites for CAFA jurisdiction have been met and none of the exceptions apply, this matter is properly removable.

**WHEREFORE**, Allstate respectfully requests that this Court assume full jurisdiction over this action.

Respectfully submitted this 10th day of April, 2018.

        *s/ Scott T. Winstead*
        Scott T. Winstead (WIN045)
        THOMPSON, COE, COUSINS & IRONS, LLP
        650 Poydras Street, Suite 2105
        New Orleans, LA 70130
        Phone: (504) 526-4350
        Fax:     (504) 526-4310
        swinstead@thompsoncoe.com

        Mark L. Clark (ASB-7158-W08K)
        THOMPSON, COE, COUSINS & IRONS, L.L.P.
        One Riverway, Suite 1400
        Houston, TX 77056
        Telephone:  (713) 403-8286
        Fax:  (713) 403-8299
        mlclark@thompsoncoe.com

        Kermit L. Kendrick (ASB-3553-T41K)
        OF COUNSEL:
        BURR & FORMAN LLP
        Wells Fargo Tower, Suite 3400
        420 North 20th Street
        Birmingham, Alabama 35203
        (205) 251-3000 Telephone
        (205) 244-5665 Facsimile
        kkendric@burr.com

        Attorneys for Allstate Indemnity Company

---

[1] The exceptions to CAFA would also fail for other reasons, and Allstate reserves the right to raise all defenses in the event that Plaintiff attempts to satisfy his burden of asserting the CAFA exceptions.

## **CERTIFICATE OF SERVICE**

I, Scott Winstead, hereby certify that on this 10th day of April, 2018, I caused a true and correct copy of the foregoing **NOTICE OF REMOVAL** to be electronically filed with the clerk of the court using the CM/ECF system and sent via e-mail to the following attorneys of record:

W. Daniel Miles, III
Andrew E. Brashier
Archie I. Grubb
Paul W. Evans
Tyner Helms
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, Alabama 36103
*dee.miles@beasleyallen.com*
*andrew.brashier@beasleyallen.com*
*archie.grubb@beasleyallen.com*
*paul.evans@beasleyallen.com*
*tyner.helms@beasleyallen.com*

                                      *s/ Scott T. Winstead*
                                      Scott T. Winstead (WIN045)