UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **DONALD BRASHER, individually and on behalf of all others similarly situated,** } } } } | |
| **Plaintiff,** } } | |
| v. } } | Case No.: 4:18-cv-00576-ACA |
| **ALLSTATE INDEMNITY COMPANY,** } } } | |
| **Defendant.** } | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Donald Brasher's motion for reconsideration and motion to re-open discovery. (Doc. 126).

Mr. Brasher seeks reconsideration of the court's August 12, 2020 memorandum opinion and order granting in part Defendant Allstate Indemnity Company's ("Allstate") motion to exclude the opinion testimony of Chris Hatcher and Jason Wells and denying Mr. Brasher's motion for class certification. (*See* Docs. 122, 123). Mr. Brasher also asks the court to re-open discovery to allow him to obtain a report from Allstate's vendor, Xactware, detailing the amount of labor

depreciation applied to the property damage claim estimates of the putative class members.

Because there is no new evidence or the need to correct clear error or manifest injustice, the court **DENIES** Mr. Brasher's motion for reconsideration.

Because Mr. Brasher cannot demonstrate the requisite good cause to modify the court's scheduling order on class discovery, the court **DENIES** Mr. Brasher's motion to re-open discovery.

## I. BACKGROUND

Mr. Brasher filed this putative class action lawsuit, alleging that by depreciating labor costs from the actual cash value of his property damage claim, Allstate breached the terms of his insurance policy. (Doc. 1). After denying Allstate's motion to dismiss, the court entered a scheduling order governing class discovery. (Doc. 30). The court set a December 13, 2019 deadline for all class certification discovery and other various deadlines regarding a class certification motion. (Doc. 55).

Mr. Brasher filed a motion for certification of a Rule 23(b)(3) class on his breach of contract claim. (Doc. 64). The parties also filed a number of *Daubert* and other evidentiary motions. (Docs. 72, 75, 78, 79, 82). After a hearing on the motions, the court entered a memorandum opinion and order which among other things, granted in part Allstate's *Daubert* motion to exclude the opinion testimony

of Mr. Brasher's damages experts, Chris Hatcher and Jason Wells, and denied Mr. Brasher's motion for class certification. (Docs. 122, 123).

The court found that Mr. Hatcher's opinions were not based on a reliable methodology, and in turn, Mr. Wells' opinion, which was based on Mr. Hatcher's unreliable opinion, also was inadmissible. (Doc. 123 at 13–19).

With respect to class certification, the court found that Mr. Brasher had not met his burden of establishing that common issues predominate over individual questions as required by Federal Rule of Civil Procedure 23(b)(3). The court explained that to the extent some common issues might exist with respect to liability, individual questions concerning damages and Allstate's affirmative defenses preclude class certification. (Doc. 123 at 24–35).

## II.   DISCUSSION

### 1.   Motion for Reconsideration

Mr. Brasher seeks reconsideration of the court's order granting in part Allstate's motion to exclude the opinion testimony of Mr. Hatcher and Mr. Wells and denying Mr. Brasher's motion for class certification.

"[R]econsideration of an order is an extraordinary remedy and is employed sparingly." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1267–68 (N.D. Ala. 2006). Motions for reconsideration should not be a "knee-jerk reaction to an adverse ruling." *Id.* (quotation marks omitted). Neither

should a motion for reconsideration be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005).  Rather, reconsideration is available only "if there is newly-discovered evidence or manifest errors of law or fact." *Metlife Life & Annuity Co. of Conn. v. Akpele*, 886 F.3d 998, 1008 (11th Cir. 2018).

Mr. Brasher argues that reconsideration is appropriate because there is confirmed availability of new evidence and there is a need to correct clear error or manifest injustice.  The court considers each argument in turn.

### A.   New Evidence

Mr. Brasher claims that confirmed availability of new evidence warrants reconsideration.  Mr. Brasher argues that during class discovery, Allstate mislead him about the ability to isolate labor depreciation from the other non-material depreciation figures on class estimates. (Doc. 126-1 at 2–3).  Mr. Brasher contends that he has now learned that such data is available based on filings in a case in another district that involves similar claims but different parties.  (*Id.*).

The court takes seriously and scrutinizes any allegation of party or attorney misconduct or misrepresentation.  The court has carefully reviewed the pieces of evidence that Mr. Brasher contends support his position that Allstate misrepresented the ability to obtain a report isolating the amount of labor

4

depreciation applied to the class estimates. (*See* doc. 126-1 at 5–12). On the record before it, the court is satisfied that Allstate did not intentionally mislead Mr. Brasher. To the contrary, during discovery, Allstate explained that although it does not isolate the amount of labor depreciation on given estimates, Mr. Brasher could obtain the information from Xactware. (Doc. 126-5 at 2; Doc. 130-1 at 2).

Even if Allstate had misrepresented the availability of the specific amount of labor depreciation applied to every class estimate, Mr. Brasher knew about Xactware's ability to provide such information within the class discovery period and well before the court ruled on the class certification and related motions. Therefore, the evidence is not "newly-discovered" for purposes of a Rule 59 motion.

Allstate deposed Mr. Hatcher on November 22, 2019, three weeks before the close of class discovery. (*See* Doc. 119-24 at 1). During his deposition, Mr. Hatcher testified unequivocally that Xactware could "run a report for us" showing "only labor depreciation" for a select group of files. (Doc. 119-24 at 25). Assuming the first time that Mr. Brasher learned that such a report was available from Xactware was during his expert's deposition under oath, Mr. Brasher knew that the information existed weeks before the close of class discovery. Yet, neither Mr. Hatcher nor Mr. Brasher asked Xactware for the report at that point in time. Because the evidence that Mr. Brasher wishes to present to the court existed before

and while the class certification motion was pending, the information is not "newly-discovered," and it does not serve as a basis for reconsideration. *See M.G. v. St. Lucie Cnty. Sch. Bd.*, 741 F.3d 1260, 1262 (11th Cir. 2014) (affirming district court's denial of motion to reconsider based on new evidence because the moving party failed to establish that it could not have discovered the evidence earlier with "reasonable diligence"); *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) ("[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion.").

    B. *Clear Error or Manifest Injustice*

Next, Mr. Brasher argues that reconsideration is warranted to correct clear error or manifest injustice. (Doc. 126-1 at 12–22).

First, Mr. Brasher contends that the plaintiff class suffered a manifest injustice because the court denied class certification largely upon Allstate's misrepresentation that labor depreciation could not be separated from non-material depreciation. (Doc. 126-1 at 12–13). As an initial matter, the court disagrees with Mr. Brasher's characterization that the court "largely" denied class certification because he failed to provide a damages model that accounted for labor depreciation figures only. That was just one of several reasons why the court found that Mr. Brasher failed to establish predominance. Nevertheless, as explained above, the

record before the court does not demonstrate that Allstate mislead Mr. Brasher about the ability to isolate the amount of labor depreciation applied to the class estimates. And in any event, Mr. Brasher himself knew about Xactware's ability to provide the information during the pendency of the class certification motion but chose not to ask Xactware for the data. Therefore, Mr. Brasher has not shown a manifest injustice due to any misrepresentation about the availability of certain evidence.

Second, Mr. Brasher claims that reconsideration is required to correct clear error because: (1) the court should not have excluded the opinions of his damages experts; (2) the court should not have denied class certification on the basis of individualized damages; and (5) the court should not have denied class certification on the basis of individual issues regarding Allstate's affirmative defenses. (Doc. 126 at 13–18, 20–22). At their core, these arguments are an expression of Mr. Brasher's disagreement with the court's adverse rulings, which is not a proper basis for reconsideration. Mr. Brasher essentially asks the court to re-examine the merits of the *Daubert* and predominance issues, and the court will not engage in such an improper exercise. To the extent Mr. Brasher challenges the court's reasoning with respect to the exclusion of his experts or the court's finding that he failed to meet his burden of showing that class certification was proper, Mr.

Brasher's remedy is to appeal. *Jacobs v. Tempur-Pedic Intern., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010).

Third, Mr. Brasher claims that reconsideration is appropriate because the court failed to acknowledge a handful of cases that he cited in support of his motion for class certification. (*See* Doc. 126-1 at 18–20). All of the cases that Mr. Brasher complains that the court did not address in its class certification opinion are non-binding decisions from other Circuits. (*Id.* at 19). The court is under no obligation to cite or distinguish such authority, much less follow it. And the court's failure to do so does not constitute clear error or manifest injustice.

Because no clear error or manifest justice exists, the court will not reconsider its memorandum opinion and order granting in part Allstate's motion to exclude the opinion testimony of Mr. Hatcher and Mr. Wells and denying class certification.

2.   Motion to Reopen Discovery

Mr. Brasher moves to reopen discovery to obtain a report from Xactware that isolates the amount of labor depreciation applied to the class claims and/or to depose an Xactware employee with knowledge of the existence of such data. (Doc. 126-1 at 23). Because Mr. Brasher seeks to reopen the class discovery period after the deadline established in the scheduling order, Mr. Brasher must show "good cause" and receive the court's consent. *See* Fed. R. Civ. P. 6 (b)(1)

("When an act may or must be done within a specified time, the court may, for good cause, extend the time."); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). To establish good cause, a party seeking an extension of the court's scheduling order must show that he could not meet the schedule despite his diligence. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

Mr. Brasher claims that the court should re-open discovery because Allstate misrepresented "the ability to obtain data breaking down the amount of non-material depreciation," and therefore, although Mr. Brasher requested the information, it was "was never produced" in discovery. (Doc. 126-1 at 23). Setting aside whether Allstate misled Mr. Brasher about the existence of data isolating the amount of labor depreciation for the class claims, Mr. Brasher has not shown that he was unable to obtain the information despite his diligence because he knew before the close of class discovery that Xactware presumably could produce a report isolating the amount of labor depreciation applied to each class claim.

Again, as stated above, at the very latest, Mr. Brasher knew Xactware could produce the very report he now seeks three weeks before the close of class discovery. Once he learned that Xactware could provide the information, Mr. Brasher could have subpoenaed Xactware for the very report that Mr. Hatcher

claimed it could provide. But he did not do so. To the extent Mr. Brasher needed additional time to comply with Federal Rule of Civil Procedure 45's subpoena requirements, the time to seek a brief extension of the discovery deadline was before the deadline expired, not 10 months later after receiving an unfavorable ruling on class certification.

Accordingly, assuming the report Mr. Brasher claims Xactware can produce does in fact exist, Mr. Brasher cannot show that despite his diligence, he was unable to obtain it within the class discovery period or that he was unable to move to extend the class discovery period for that purpose prior to the expiration of the discovery deadline.

### III. CONCLUSION

The court **DENIES** Mr. Brasher's motion for reconsideration and motion to re-open discovery. (Doc. 126).

**DONE** and **ORDERED** this November 24, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE